```
               IN THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


RUSSELL CLAY UNDERWOOD and        §
DEMETRA MONIQUE UNDERWOOD,        §
                                  §
         Plaintiffs,              §
                                  §
v.                                §    CIVIL ACTION NO. H:12-3437
                                  §
WELLS FARGO BANK, N.A.            §
and MARK J. STEPHENS              §
d/b/a STEPHENS REALTY             §
APPRAISAL SERVICE, LLC,           §
                                  §
         Defendants.              §
```

MEMORANDUM AND ORDER

Pending is Defendant Wells Fargo Bank, N.A.'s Motion for Judgment on the Pleadings (Document No. 7). After carefully considering the motion, response, several additional submissions, and the applicable law, the Court concludes for the reasons that follow that the Motion should be granted.

I. Background

Plaintiffs Russell Clay Underwood and Demetra Monique Underwood ("Plaintiffs") own a home at 9839 Shell Rock, La Porte, Texas.[1] On June 15, 2007, Plaintiffs executed a Texas Home Equity Note and Deed of Trust in favor of Defendant Wells Fargo Bank, N.A.

---

[1] Document No. 1, ex. B.4 at 3 (Orig. Cmplt.).

("Defendant").[2]  Plaintiffs bring this suit to prevent Defendant from foreclosing on their home, alleging that Defendant violated several provisions of the Texas Constitution art. XVI, § 50(a)(6) when they obtained from Defendant their home equity loan.[3] Specifically, Plaintiffs allege that the fees and charges to make the loan exceeded three percent of the loan amount, in violation of Section 50(a)(6)(E)[4]; that the principal amount of the loan was more than eighty percent of the fair market value of the home, in violation of Section 50(a)(6)(B)[5]; that the loan closed fewer than twelve days after the original loan application was submitted, in violation of Section 50(a)(6)(M)[6]; and that Plaintiffs at closing did not receive a copy of the final loan documents, in violation of Section 50(a)(6)(Q)(v).[7]  Plaintiffs on August 30, 2012 (more than five years later), sent to Defendant a detailed letter with a

---

[2] Id.  When it removed the case from state court, Defendant stated that the additional Defendant, Mark J. Stephens d/b/a Stephens Realty Appraisal Service, LLC, was improperly joined and pointed out that no claims were alleged against him, which Plaintiffs have not controverted.  Stevens's citizenship is therefore disregarded for purposes of finding the Court has diversity jurisdiction, and Stephens is DISMISSED as a Defendant who was improperly joined.

[3] Id., ex. B.4 at 3.

[4] Id., ex. B.4 at 3-6.

[5] Id., ex. B.4 at 6.

[6] Id.

[7] Id., ex. B.4 at 7.

request to cure these violations.[8]  Defendant did not respond to the letter or attempt to cure the alleged defects.[9]  Plaintiffs seek a declaratory judgment that (a) Defendant has failed to cure the Constitutional defects in the loan documents, (b) that the mortgage lien is noncompliant with the Texas Constitution and therefore void, and (c) that Defendant should forfeit all principal and interest on the Note in question.[10]  Plaintiffs also allege that Defendant breached the Deed of Trust by failing to cure its violations of the Texas Constitution within the 60 days' period allowed by the Constitution after Plaintiffs' August 30, 2012 request, and that Defendant placed a cloud on their title by claiming a right to foreclose on the property during that period of "Defendant's uncured Constitutional violations."[11]  Defendant's First Amended Answer pleads that Plaintiffs' claims are barred by limitations.  Defendant now moves for judgment on the pleadings based on the bar of the statute of limitations.[12]

---

[8] Id., ex. B4 at 3.

[9] Id., ex. B.4 at 9.

[10] Id., ex. B.4 at 8-10.

[11] Id., ex. B.4 at 7, 8.

[12] Document No. 7.

## II. Discussion

### A. Legal Standard

Rule 12(c) allows a defendant to move for a judgment on the pleadings after the pleadings are closed. FED. R. CIV. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam); *see also* Hughes v. Tobacco Institute, Inc., 278 F.3d 417, 420 (5th Cir. 2001) ("Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain.") (citing Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998)). In analyzing a motion under Rule 12(c), the Court uses the same standards that are applied to a Rule 12(b)(6) motion to dismiss. Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). When considering a motion to dismiss under Rule 12(b)(6), the district court construes the allegations in the complaint favorably to the pleader and accepts as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

4

B.   <u>Analysis</u>

Relying on the Fifth Circuit's recent opinion in <u>Priester v. JP Morgan Chase Bank, N.A.</u>, 708 F.3d 667 (5th Cir. 2013), Defendant argues that Plaintiffs' claims are barred by Texas's four-year residual statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.051 (West 2008). Plaintiffs' complaint alleges that they executed the Note and Deed of Trust on June 15, 2007, and the HUD Settlement Statement attached to the Complaint, which identifies the excessive fees and charges, shows the settlement date as June 16, 2007.[13] Plaintiffs did not sue Defendants on these claims until October 10, 2012, well more than four years after the date of Plaintiffs' injury from Defendant's Constitutional violations. Under <u>Priester</u>, the claims are barred by the four-year statute of limitations.

Similar to <u>Priester</u>, the Constitutional violations and Plaintiffs' injury occurred when Plaintiffs "created the lien." <u>Priester</u>, 708 F.3d at 676. By June 16, 2007, when they received the credit, Plaintiffs knew the fees and charges made to them and

---

[13] Document No. 1, ex. B.4 at 4-6. The document lists amounts of money "PAID FROM BORROWER'S FUNDS AT SETTLEMENT," identifying the Settlement Date as June 16, 2007. Document No. 1-5 at 40 of 50. The Court may look to these uncontroverted documents, attached to Plaintiffs' complaint, in considering the motion to dismiss. <i>See</i> <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000). It is undisputed that Defendant's violations of the Texas Constitution in making its loan to Plaintiff all occurred no later than June 16, 2007.

whether that sum exceeded three percent of the loan amount; knew whether the loan was more than eighty percent of the fair market value of the home; knew whether the loan was closed fewer than twelve days after they made their original loan application; and knew whether they received a copy of the final loan application and all of the executed documents signed at closing. Claims on these Constitutional violations were required then to be filed within four years after the injury occurred on June 16, 2007. When more than four years expired after June 16, 2007, -- in 2011, the claims were barred. Id.; TEX. CIV. PRAC. & REM. CODE § 16.051 (West 2008); *see also*, Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 103 S. Ct. 729 (1983) ("[A] complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action.").

Plaintiffs present lengthy arguments contending that Priester was wrongly decided. However, decisions by the Fifth Circuit constitute binding precedent on this Court, and Plaintiffs present no subsequent Texas Supreme Court authority that directly contradicts the holding in Priester. *See* Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 421 (5th Cir. 2001) ("This Court's interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment

6

renders our prior decision clearly wrong.") (citation omitted). Thus, Priester controls the determination of this case.

Plaintiffs' other allegations--for breach of the Deed of Trust by Defendant's failure to cure its Constitutional violations within the 60 days' period allowed by the Constitution after Plaintiffs' August 30, 2012 request, and for placing a cloud on Plaintiffs' title by claiming a right to foreclose on the home during that period of "Defendant's uncured Constitutional violations," are both derivative claims premised on barred Constitutional violations and therefore state no cause of action. As observed in Priester, "once the period of limitations has passed, the lien is no longer voidable and is valid." Priester, 708 F.3d at 678 ("[T]he lien becomes valid after the period of limitations passes, so the 'harm' is, in effect, erased."). Accordingly, when Plaintiffs sent to Defendant their letter of August 30, 2012, requesting Defendant to cure the Constitutional violations within 60 days, Plaintiffs' Constitutional claims were already "in effect, erased," and hence, Defendant had no obligation under either the Constitution or derivatively, under the Deed of Trust, to effect a "cure." Likewise, Defendant's assertion of a right to foreclose on the property under a then valid lien placed no cloud on Plaintiffs' title.

III. <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion for Judgment on the Pleadings (Document No. 7) is GRANTED, and Plaintiffs Russell Clay Underwood's and Demetra Monique Underwood's claims are DISMISSED with prejudice.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 18th day of July, 2013.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE